UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
2005 JAN 21 P 12: 53
U.S. DISTRICT COURT
DISTRICT OF MASS.

PEDRO FURTADO,
    Plaintiff,

vs.

K & R FISHING ENTERPRISES, INC.,
    Defendant.

CIVIL ACTION
NO: 04-12713-RWZ

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the defendant, K & R Fishing Enterprises, Inc., in the above-entitled action, by and through its undersigned counsel, Clinton & Muzyka, P.C., and files its Answer to Plaintiff's Complaint and Demand for Jury Trial as folllows.

### GENERAL FACTUAL ALLEGATIONS

1. The defendant lacks personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 1 and therefore denies same.

2. The defendant admits the allegations contained in Paragraph No. 2.

3. The defendant admits the allegations contained in Paragraph No. 3.

4. The defendant admits the allegations contained in Paragraph No. 4.

5. The defendant admits the allegations contained in Paragraph No. 5.

6. The defendant admits the allegations contained in Paragraph No. 6.

7. The defendant denies the allegations contained in Paragraph No. 7.

8. The defendant admits the allegations contained in Paragraph No. 8.

9. The defendant admits the allegations contained in Paragraph No. 9.

10. The defendant admits the allegations contained in Paragraph No. 10.

11. The defendant lacks personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 11 and therefore denies same.

12. The defendant denies the allegations contained in Paragraph No. 12.

## JURISDICTION

13. The allegations contained in Paragraph No. 13 are allegations of law requiring no answer, but to the extent that an answer is required, the defendant denies the allegations contained therein.

14. The allegations contained in Paragraph No. 14 are allegations of law requiring no answer, but to the extent that an answer is required, the defendant denies the allegations contained therein.

**COUNT I**
**Pedro Furtado vs. K & R Fishing Enterprises, Inc.**
(JONES ACT NEGLIGENCE)

15. The defendant reaffirms and reiterates its answers to the allegations set forth in Paragraphs Nos. 1 through 14 inclusive and incorporates same as if fully set out herein.

16. The defendant denies the allegations contained in Paragraph No. 16.

17. The defendant lacks personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 17 and therefore denies same.

18. The allegations contained in Paragraph No. 18 are allegations of law requiring no answer, but to the extent that an answer is required, the defendant denies the allegations contained therein.

**WHEREFORE**, the defendant, K & R Fishing Enterprises, Inc., prays that this Honorable Court dismiss Count I together with costs and reasonable attorney's fees.

## COUNT II
### Pedro Furtado vs. K & R Fishing Enterprises, Inc.
#### (GENERAL MARITIME LAW - UNSEAWORTHINESS)

19. The defendant reaffirms and reiterates its answers to the allegations set forth in Paragraphs Nos. 1 through 14 inclusive and incorporates same as if fully set out herein.

20. The defendant denies the allegations contained in Paragraph No. 20.

21. The defendant lacks personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 21 and therefore denies same.

22. The allegations contained in Paragraph No. 22 are allegations of law requiring no answer, but to the extent that an answer is required, the defendant denies the allegations contained therein.

**WHEREFORE**, the defendant, K & R Fishing Enterprises, Inc., prays that this Honorable Court dismiss Count II together with costs and reasonable attorney's fees.

## COUNT III
### Pedro Furtado vs. K & R Fishing Enterprises, Inc.
#### (GENERAL MARITIME LAW - MAINTENANCE & CURE)

23. The defendant reaffirms and reiterates its answers to the allegations set forth in Paragraphs Nos. 1

through 14 inclusive and incorporates same as if fully set out herein.

24. The defendant lacks personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 24 and therefore denies same.

**WHEREFORE**, the defendant, K & R Fishing Enterprises, Inc., prays that this Honorable Court dismiss Count III together with costs and reasonable attorney's fees.

<u>COUNT IV</u>
Pedro Furtado vs. K & R Fishing Enterprises, Inc.
(GENERAL MARITIME LAW/JONES ACT – INTENTIONAL/NEGLIGENT FAILURE TO PROVIDE MAINTENANCE & CURE)

25. The defendant reaffirms and reiterates its answers to the allegations set forth in Paragraphs Nos. 1 through 14 inclusive and incorporates same as if fully set out herein.

26. The defendant lacks personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 26 and therefore denies same.

27. The defendant lacks personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 27 and therefore denies same.

28. The defendant denies the allegations contained in Paragraph No. 28.

29. The defendant lacks personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 29 and therefore denies same.

**WHEREFORE,** the defendant, K & R Fishing Enterprises, Inc., prays that this Honorable Court dismiss Count IV together with costs and reasonable attorney's fees.

### AFFIRMATIVE ANSWERS

The defendant, K & R Fishing Enterprises, Inc., incorporates the following Affirmative Defenses into each and every Count in its Answer as follows:

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendant states that the plaintiff has failed to join an indispensable party.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendant states that the plaintiff is not entitled to a jury trial pursuant to 28 U.S.C. §1333.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendant states that if the plaintiff was injured as alleged, which is specifically denied, said injuries resulted in whole or in part from his own negligence and failure to exercise the degree of care and

skill reasonably required of a fisherman and not due to any negligence or fault on the part of the defendant.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendant states that if the plaintiff was injured as alleged, which is specifically denied, said damages resulted in whole or in part from an Act of God or a condition not created by the defendant, its employees, servants and/or agents.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendant states that if the plaintiff was injured as alleged, which is specifically denied, said damages resulted in whole or in part from the acts and/or omissions of a person or persons over whom the defendant had no control and for whom the defendant was and is not responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendant states that it is entitled to a set-off against any Judgment for amounts previously paid to the plaintiff.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendant states that the plaintiff has failed to mitigate his alleged damages.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendant states that the plaintiff is not

entitled to maintenance and cure because his alleged injuries were caused by his own willful misconduct.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendant states that the plaintiff is not entitled to maintenance and cure because his alleged injuries were caused by his willful concealment of a disabling condition.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendant states that the plaintiff is not entitled to maintenance and cure because of his failure to follow physician recommendations.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendant states that the plaintiff's treatment is for an ancillary medical condition which did not manifest itself while in the vessel's service and is therefore beyond the defendant's responsibility for maintenance and cure.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendant states that the plaintiff has reached maximum medical improvement for the condition for which he allegedly sustained onboard the vessel and therefore is now beyond the defendant's responsibility for maintenance and cure.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendant states that Counts III and IV of Plaintiff's Complaint and Demand for Jury Trial should properly be dismissed because it timely and continues to satisfy its maintenance and cure obligations under the General Maritime Law.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendant states that if the plaintiff was injured as alleged, which is specifically denied, such injury was without fault, knowledge or privity of the defendant; and that the damaged claimed herein exceeds the value of the vessel, including its pending cargo; and the defendant herewith claims benefit of any and all laws and statutes of the United States of America, or and concerning limitation of liability of the defendant, 46 U.S.C.S. Appx. §183(b).

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendant states that it has filed a Petition for Exoneration from or Limitation of Liability, Civil and Maritime, with this Honorable Court (Civil Action No: 04-12699-RWZ).

**WHEREFORE,** the defendant, K & R Fishing Enterprises, Inc., prays that this Honorable Court dismiss Plaintiff's

Complaint and Demand for Jury Trial with costs and

reasonable attorney's fees.

**THE DEFENDANT RESERVES THE RIGHT TO CLAIM TRIAL BY JURY ON ALL ISSUES RAISED IN PLAINTIFF'S COMPLAINT AND ITS ANSWERS AND AFFIRMATIVE DEFENSES CONTAINED HEREIN, WITH THE EXCEPTION OF LIMITATION OF LIABILITY WHICH IS UNIQUE FOR THE COURT'S DETERMINATION.**

By its attorneys,

**CLINTON & MUZYKA, P.C.**


"/s/ Thomas J. Muzyka"
**Thomas J. Muzyka**
BBO NO: 365540
**Kenneth M. Chiarello**
BBO NO: 639274
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

January 20, 2005